IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WALTER WASHINGTON,

    Plaintiff,

v.                                    Civil Action No. 3:05cv272

SQUARE D COMPANY, and
TRAMMELL CROW SERVICES, INC.

    Defendants.

**MEMORANDUM OPINION**

This matter comes before the Court on the plaintiff's Motion To Remand (Docket No. 2). Because removal occurred more than one year after the case was filed in Virginia state court, the plaintiff's motion is GRANTED and the matter will be remanded.

**BACKGROUND**

On March 19, 2004, the plaintiff, a Virginia resident, filed a motion for judgment against six defendants in state court seeking recovery for personal injuries arising out of an electrical accident that occurred in March, 2002. Of the six defendants, only two were out-of-state corporations and thus, non-residents of Virginia. Because complete diversity between the plaintiff and all defendants did not exist at the inception of the action, the defendants did not seek removal.

The plaintiff served each defendant on May 24, 2004, approximately two months after filing the action. Thereafter,

between late May and December 2004, the parties conducted discovery in the state proceeding.  In December 2004, the plaintiff nonsuited a non-diverse defendant, after determining that the defendant could not have been negligent.  Subsequently, in February 2005, the plaintiff nonsuited two of the three remaining non-diverse defendants.  After further discovery, the plaintiff nonsuited the only remaining non-diverse defendant on April 6, 2005.  In stipulating to this defendant's dismissal, the parties agreed that the defendant would be precluded from asserting the statute of limitations for one year, should further evidence be discovered showing that this defendant had, in fact, supplied the allegedly faulty electrical equipment.

Upon the dismissal of the only remaining non-diverse defendant on April 6, complete diversity of citizenship existed for the first time.  Thereafter, on April 13, 2005, more than one year after the commencement of the action, the defendants filed a notice of removal.

## DISCUSSION

In determining whether a case has properly been removed to federal court, "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal."  Mulcahey v. Columbia Organiz Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).  "Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction."  Id.  If the court

2

has any doubt about the propriety of its jurisdiction, therefore, remand is appropriate.  See id.

It is undisputed that the only issue to be resolved is whether the defendants' notice of removal was timely filed pursuant to 28 U.S.C. § 1446(b).  This controlling statutory provision provides in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, **except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.**

28 U.S.C. § 1446(b)(emphasis added).  The italicized text was added in 1988.

On its face, the statute imposes two time limits.  First, a defendant who seeks to remove a case that was not initially removable must file a written notice within thirty days of receiving notice of the event which creates diversity jurisdiction.  Second, this notice of removal can only be filed within one year of the commencement of the initial proceeding.

In this action, the defendants complied with the first time requirement imposed by the statute by filing the notice of removal within thirty days of receiving notice of the event that created diversity (the dismissal of the only remaining non-diverse defendant on April 6).  In filing the notice of removal more than

3

one year after the commencement of the state proceeding, however, the defendants ostensibly have run afoul of the second time constraint on removal.

Section 1446(b) does not specify when an action is "commenced" for the purposes of assessing compliance with the one-year time requirement.  Thus, it is necessary to ascertain whether an action commences for removal purposes at the time it is filed, as the plaintiff argues, or, as the defendants importune, at the time service is effectuated.  Resolution of this question will be dispositive because the defendants' removal notice was filed over one year after commencement of the action but within a year of service.

Although there are no Fourth Circuit decisions on point, the two district courts in Virginia that have been presented with this issue have both held that state law controls the determination of "commencement of the action" for the purposes of removal jurisdiction.  See U.S. Airways, Inc. v. PMA Captial Ins. Co., 340 F. Supp.2d 699, 704-05 (E.D. Va. 2004); Saunders v. Wire Rope Corp., 777 F. Supp. 1281, 1283 (E.D. Va. 1991).

Rule 3:3 of the Rules of the Supreme Court of Virginia defines commencement of an action as follows:

> (a) Commencement of the action.  An action shall be commenced by filing in the clerk's office a motion for judgment.  The action is then instituted and pending as to all parties thereto.

4

Va. Sup. Ct. R. 3:3.  Applying the plain language of Rule 3:3, section 1446(b)'s one year limitations period began to run on the date that this action was filed, March 19, 2004.  Accordingly, the notice of removal (filed on April 12, 2005) was untimely.

In their opposition to the motion to remand, the defendants rely on Saunders, which created a form of equitable tolling in cases wherein the plaintiff has delayed service of process in an effort to defeat the right of removal.  Saunders v. Wire Rope Corp., 777 F. Supp. at 1282-84; see 16 Moore's Federal Practice, § 107.30[3][a] (Matthew Bender 3d ed.).  The facts that gave rise to equitable exception made in Saunders are not present here.[1]  Unlike Saunders, the plaintiff in this action effected service two months after filing suit.  Thus, there was no manifest effort on the part of the plaintiff to destroy the defendant's right of removal.  Second, and perhaps more importantly, this action had been progressing toward trial in the state court for more than a year before removal, whereas, in Saunders the plaintiff had done nothing to advance the litigation in the state court after commencement of the action.

---

[1] The equitable exception announced in Saunders is akin to the principle adopted by the Fifth Circuit to foreclose forum manipulation and to stymie gamesmanship intended to defeat the statutory right to diversity.  Tedford v. Warner-Lambert Co., 327 F.3d 423, 426-28 (5th Cir. 2003); 16 Moore's Federal Practice, § 107.30[3][a].

**CONCLUSION**

For the foregoing reasons, the plaintiff's motion to remand is granted and the action will be remanded to the Circuit Court for the City of Richmond.[2]

The facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is so ORDERED.

```
              _____/s/_____
                     Robert E. Payne
                     United States District Judge
```

Richmond, Virginia
Date: _____

---

[2] The defendants assert that this will result in a split of authority in this division, thereby creating doubt about the removal process here. That apprehension is not well-taken because this decision does not reject Saunders; and, to be clear, the equitable tolling exception that Saunders announced is not at all affected by this decision because the facts in this action do not animate the Saunders exception.